ORIGINAL
08F
C/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

BASSEM M. TADROS,

                Plaintiff,

   -against-

JOSE RAMOS and JOSE OROSCO,

                Defendants.

--------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-06-3619 (FB) (SMG)

*Appearances:*
*For the Plaintiff:*
JOHN JOSEPH CIAFONE, ESQ.
25-59 Steinway Street, Suite 2F
Astoria, NY 11103

**BLOCK, Senior District Judge:**

        Plaintiff sued defendants for damages resulting from a car collision. From the face of the complaint, it appears that jurisdiction is lacking since the case does not present a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship does not exist between the parties, *see id.* § 1332. Rather than address that issue, however, the Court dismisses the action for failure to prosecute.

        On January 12, 2007, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R & R") recommending that the action be dismissed for lack of prosecution. The R & R states that "[a]ny objections this Report and Recommendation must be filed with the Clerk of the Court . . . within ten days of receipt and in any event no later than January 30, 2007," R & R at 1, and that "[f]ailure to file timely objections may waive the right to appeal the District Court's Order." *Id.* Notice of the R & R was electronically mailed to plaintiff's counsel on the same day. *See* Docket Entry #4 (Notice

of Electronic Filing).  To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

As no error appears on the face of the Magistrate Gold's R & R, the Court adopts it without *de novo* review.  The Clerk is directed to close the case.

SO ORDERED.

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 20, 2007